ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

FILED
U.S. DISTRICT COURT

2008 FEB 20 AM 11: 18

CLERK
SO. DIST. OF GA.

BRUCE WALLACE, )
)
    Plaintiff, )
)
v. ) CV 108-009
)
RONALD STRENGTH, Sheriff, Richmond )
County, and CHESTER V. HUFFMAN, )
Assistant Chief Jailor, Charles B. Webster )
Detention Center, )
)
    Defendants. )

---

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

---

Plaintiff Bruce Wallace, an inmate incarcerated at the Charles B. Webster Detention Center in Augusta, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983, and he seeks to proceed *in forma pauperis* ("IFP"). After a review of Plaintiff's history of case filings and his complaint in this case, the Court, for the reasons set forth below, **REPORTS** and **RECOMMENDS** that Plaintiff's IFP motions (doc. nos. 3 & 4) be **DENIED** and that this action be **DISMISSED** without prejudice.

### I. BACKGROUND

A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996). 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the

grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.[1]

The Eleventh Circuit concluded that § 1915(g) does not violate an inmate's right to access to the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. Thus, the court upheld the constitutionality of § 1915(g). Rivera v. Allin, 144 F.3d 719, 721-27 (11th Cir. 1998).

## II. DISCUSSION

### A. Prior Filing History

Plaintiff's history of filings reveals that he has brought at least three cases or appeals that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. See Wallace v. Strength, Civil Case No. 102-089 (S.D. Ga. June 14, 2002) (dismissed for failure to state a claim upon which relief may be granted), *hereinafter* "CV102-089";[2] Wallace v. Overstreet, Civil Case No. 100-169 (S.D. Ga. Aug. 28, 2000) (dismissed for failure to state a claim upon which relief may be granted), *hereinafter* "CV100-169"; and Wallace v. Webster, Civil Case No. 100-075 (S.D. Ga. Apr. 24, 2000) (appeal dismissed as frivolous), *hereinafter* "CV100-075."

In each of these cases, Plaintiff filed a complaint or appeal that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted.

---

[1] The Eleventh Circuit noted that "[t]his provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted).

[2] The Court also notes that the Eleventh Circuit dismissed Plaintiff's appeal in this case "for want of prosecution because the appellant has failed to file a motion for reconsideration within 35 days of the entry of the order finding this appeal frivolous . . . ." CV102-089, doc. no. 23.

2

Therefore, these previously dismissed cases qualify as strikes under § 1915(g). As Plaintiff has three strikes under § 1915(g), he cannot proceed IFP in the present case unless he can demonstrate that he qualifies for the "imminent danger of serious physical injury" exception to § 1915(g).

**B.     No Allegation of "Imminent Danger"**

In order to come within the imminent danger exception of § 1915(g), a prisoner must be in imminent danger at the time he files suit in district court, not at the time of the alleged incident that serves as the basis for the complaint. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). Plaintiff alleges that he has been incarcerated at the Charles B. Webster Detention Center ("CBWDC") on several occasions dating back to 1996. (Doc. no. 1, p. 5). Plaintiff submits a laundry-list of complaints concerning the CBWDC, including the lack of proper exercise equipment and facilities, the limited provision of soap and stationary, the insufficiency of the commissary, the expense of items sold in vending machines, and the lack of counseling provided to inmates. (Id. at 5-7). Plaintiff also maintains that, on several occasions dating back to March 2000, Defendant Huffman has denied him access to the law library. (Id. at 7). Clearly, neither Plaintiff's laundry-list of complaints about the CBWDC that date back to 1996,[3] nor his allegations concerning access to the law library, support a finding of "imminent danger" at the time of filing this lawsuit on January 14, 2008.

---

[3]Indeed, as the Eighth Amendment requires that jail officials provide "humane conditions of confinement," including adequate food, clothing, shelter, and medical care, Farmer v. Brennan, 511 U.S. 825, 832 (1994), complaints related to things like the expense of discretionary items from a vending machine do not raise issues of constitutional proportions, let alone suggest that he was in imminent danger of serious physical danger at the time of filing this lawsuit.

3

Plaintiff also complains that the conditions of confinement at the Richmond County Jail ("RCJ"), where he was incarcerated in November and December 2007, are causing the inmates to become sick. (Id. at 8-10). According to Plaintiff, the over-crowded conditions force inmates to sleep and eat on the floor. (Id. at 9). Plaintiff alleges that approximately 70 inmates are forced to use one bathroom and shower. (Id. at 10). Plaintiff also contends that inmates are forced to breathe "unclean" air because there is dust in the vents and on the walls. (Id. at 9-10). Plaintiff maintains that, because of the unclean conditions, he requested that the medical staff provide the inmates with daily antibiotics, but that this request was denied. (Id. at 10). Plaintiff submits that, before he was transferred to the CBWDC, he was denied unspecified medications for an entire week. (Id. at 9). Nevertheless, because Plaintiff was transferred from the RCJ to the CBWDC prior to the commencement of this action, his allegations concerning the conditions of confinement at the RCJ also fail to support a finding of "imminent danger" at the time of filing this lawsuit.

Finally, Plaintiff alleges that there is an "abandonment of inmates getting proper medical assistance . . . ." (Id. at 7). According to Plaintiff, if the CBWDC medical staff cannot provide medical treatment, an inmate will not receive treatment. (Id. at 7-8). Plaintiff contends that he suffers from both heart and eye conditions.[4] (Id. at 8). Furthermore, Plaintiff maintains that, since December 2007, he has requested to be examined by a heart physician approximately seven times, but that he has received no "medical concern" from

---

[4]Specifically, Plaintiff alleges that he suffers from an enlarged heart and hardened arteries that cause his "[h]eart to work [h]arder." (Doc. no. 1, p. 8). Plaintiff maintains that he is blind in his right eye and that he has problems with his left eye. (Id.). In this regard, Plaintiff contends that he suffers from "decreasing order of frequency," elevation of "intraocular pressure," optic nerve damage, and "posterior sub[-]capsular cataract formation." (Id.). Plaintiff submits that these conditions can lead to heart disease and total blindness. (Id.).

4

Defendant Huffman or the CBWDC medical staff. (Id. at 8). Although Plaintiff submits that his medical conditions could lead to heart disease and total blindness, these allegations of possible future harm also fail to support a finding of "imminent danger of serious injury" at the time of filing this lawsuit.[5] Moreover, not only has Plaintiff failed to mention Defendant Strength anywhere in his statement of claims, he has not alleged that either Defendant named in the above-captioned complaint was personally involved with his medical treatment.[6]

In sum, Plaintiff's laundry-list of complaints about the conditions of confinement at the CBWDC and the RCJ clearly fail to satisfy the dictates of § 1915(g). Furthermore, although Plaintiff makes several allegations concerning his medical condition and treatment while incarcerated at the CBWDC, he fails to allege facts sufficient to demonstrate that he

---

[5]The Eleventh Circuit's decision in Brown v. Johnson, 387 F.3d 1344 (11th Cir. 2004) is instructive on the issue of what constitutes "imminent danger of serious physical injury." In that case, the plaintiff, who suffered from HIV and hepatitis, alleged a total withdrawal of treatment, which resulted in severe ongoing complications and a deterioration of his condition. Id. at 1350. The defendants argued that the plaintiff failed to satisfy the dictates of § 1915(g) because, *inter alia*, the skin problems resulting from the withdrawal of treatment did not constitute a serious injury. Id. Furthermore, the defendants contended that, although the plaintiff's illness may ultimately lead to serious problems and even death, he failed to show that his treatment put him in imminent danger. Id. Resolving the issue, the Eleventh Circuit held that, because the plaintiff alleged a total withdrawal of treatment for serious diseases that resulted in the deterioration of his condition and severe ongoing complications, he satisfied the imminent danger exception of § 1915(g). Id. Conversely, here, Plaintiff does not allege that, at his current place of confinement, all medical treatment has been withdrawn, he has suffered any complications related to his conditions, or his conditions have deteriorated.

[6]The Court also notes, "Supervisory officials must rely on their subordinate professionals to make competent medical decisions. As long as supervisory officials have no reason to believe that their subordinates are failing to carry out their duties in a competent manner, they should not be held liable for medical decisions over which they have no direct control." Waldrop v. Evans, 681 F. Supp. 840, 851 (M.D. Ga. Mar. 15, 1988), *aff'd*, 871 F.2d 1030 (11th Cir. 1989). Here, Plaintiff has not alleged that Defendants have any reason to believe that the CBWDC medical staff are failing to competently carry out their duties. Furthermore, Plaintiff has not indicated that Defendants have interfered with his treatment or failed to follow medical opinions concerning his treatment.

was in imminent danger at the time he commenced this case. Therefore, Plaintiff fails to demonstrate that he should be excused from paying the full filing fee under the "imminent danger" exception of § 1915(g).

C.     **Dishonesty in Complaint**

Moreover, the "Form to Be Used by Prisoners Filing a Complaint under the Civil Rights Act, 42 U.S.C. § 1983 in the United States District Court for the Southern District of Georgia" requires that prisoner plaintiffs disclose whether they have brought other federal lawsuits while incarcerated, whether they were allowed to proceed IFP in any such lawsuits, and whether any such suit was dismissed on the ground that it was frivolous, malicious, or failed to state a claim. (Doc. no. 1, pp. 2-3). Under the question concerning whether a prisoner plaintiff has brought any lawsuits in federal court dealing with facts other than those in this action, Plaintiff declared, under penalty of perjury, that he has brought only one other lawsuit in federal court while incarcerated, CV100-075. (Id.). Plaintiff also declared that he has only had one other federal lawsuit dismissed as frivolous, malicious, or for failure to state a claim, CV100-075. (Id. at 3).

Of course, as noted above, Plaintiff has indeed filed other cases in this Court that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, CV102-089 and CV100-169. Simply put, Plaintiff's answers to these questions regarding his prior history of filings are improper. Not only did he fail to disclose all of his previous federal cases, but he lied, under penalty of perjury, about filing lawsuits that were dismissed as frivolous, malicious, or for failure to state a claim.

6

The Eleventh Circuit has indicated its approval of dismissing a case based on dishonesty in a complaint. In Rivera, the Court of Appeals reviewed a prisoner plaintiff's filing history for the purpose of determining whether prior cases counted as "strikes" under the PLRA and stated:

> The district court's dismissal without prejudice in Parker is equally, if not more, strike-worthy. In that case, the court found that Rivera had lied under penalty of perjury about the existence of a prior lawsuit, Arocho. As a sanction, the court dismissed the action without prejudice, finding that Rivera "abuse[d] the judicial process[.]"

Rivera, 144 F.3d at 731 (citations omitted).[7]

---

[7] The court in Parker thoughtfully ruled as follows:

> The sophistication of [p]laintiff's substantive arguments and his knowledge of the procedural rules convince this Court that [p]laintiff understands the severity of not revealing the truth to the Court. This Court has the authority to control and manage matters such as this pending before it. This Court firmly believes that [p]laintiff must be forced to conform to acceptable standards in approaching this Court.
>
> This Court will not tolerate false responses and/or statements in any pleading or motion filed for consideration by the Court. If the Court cannot rely on the statements and/or responses made, it threatens the quality of justice. Here [p]laintiff has falsely responded [by denying the existence of prior lawsuits] to Question (B) in Section IV, entitled "Previous Lawsuits."
>
> Therefore, this Court is of the opinion that an appropriate sanction is to dismiss this case without prejudice and warn [p]laintiff that such false responses, filed herein or filed in the future, will not be tolerated and may result in more severe and long-term sanctions in the future. For now, this case will be dismissed for [p]laintiff's abuse of the judicial process in not providing the Court with true factual statements and/or responses that can be relied on to bring his case to an expeditious closure.

Rivera v. Parker, Case No. 96-325-Civ-J-10, doc. no. 4 (M.D. Fla. May 2, 1996).

In sum, Plaintiff cannot satisfy the dictates of the "imminent danger" exception of § 1915(g), and thus, he fails to demonstrate that he should be excused from paying the full filing fee. Furthermore, even if the Court were to allow Plaintiff to proceed IFP, the above-captioned case would still be subject to a recommendation of dismissal as a sanction because Plaintiff has abused the judicial process by providing dishonest information about his filing history.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's IFP motions (doc. nos. 3 & 4) be **DENIED** and that this action be **DISMISSED** without prejudice. If Plaintiff wishes to proceed with the claims raised in this action, he must submit a new complaint, along with the full filling fee. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (*per curiam*).

SO REPORTED and RECOMMENDED this 20th day of February, 2008, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE