IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| BRUCE WALLACE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 108-009 |
| | ) | |
| RONALD STRENGTH, Sheriff, Richmond | ) | |
| County, and CHESTER V. HUFFMAN, | ) | |
| Assistant Chief Jailor, Charles B. Webster | ) | |
| Detention Center, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which objections have been filed.

The Magistrate Judge recommended that Plaintiff's motions to proceed *in forma pauperis* ("IFP") be denied and that the above-captioned case be dismissed without prejudice because Plaintiff abused the judicial process.[1] (Doc. no. 5). Plaintiff objects to the portion of the R&R concerning the abuse of judicial process, arguing that the above-captioned case is unrelated to his prior lawsuits and that his failure to fully disclose his filing history should not be a basis for dismissing this case. (See doc. no. 10, p. 2). Plaintiff maintains that he did

---

[1] Specifically, the Magistrate Judge determined that Plaintiff should not be allowed to proceed IFP because he has accumulated three strikes under 28 U.S.C. § 1915(g) and has failed to demonstrate he qualifies for the "imminent danger" exception. (Doc. no. 5, pp. 2-6). Furthermore, the Magistrate Judge concluded that, even if the Court were to allow Plaintiff to proceed IFP, the above-captioned complaint should still be dismissed as a sanction because Plaintiff abused the judicial process by providing dishonest information about his filing history. (Id. at 6-7).

not intend to deceive the Court and that he would have fully disclosed his filing history if he knew its importance. (Id. at 2-3). Plaintiff objects to the portion of the R&R recommending denial of his motions to proceed IFP because he submits that he remains in imminent danger of serious physical injury. (Id. at 1 & 4-9). Plaintiff submits that, because he presents a "Cruel and Unusual Punishment" claim, he has satisfied the dictates of § 1915(g). (Id. at 1-2). Plaintiff again maintains that he is at risk of losing his vision and suffering a heart attack. (Id. at 4-5 & 7-9). Plaintiff explains that, if he is provided with the sought-after medical treatment, he will likely retain his vision and avoid suffering a heart attack. (See id. at 8-9). Plaintiff also reasserts his laundry-list of complaints concerning the Charles B. Webster Detention Center and the Richmond County Jail. (Id. at 5-8).

Plaintiff's objections are without merit. As the Magistrate Judge correctly noted, the "Form to Be Used by Prisoners Filing a Complaint under the Civil Rights Act, 42 U.S.C. § 1983 in the United States District Court for the Southern District of Georgia" clearly requires that prisoner plaintiffs "*describe each lawsuit* in the space below." (Doc. no. 1, p. 2 (emphasis added)). Notably, the form makes no reference to cases that the prisoner plaintiff deems worthy of disclosing or presumes relevant. Plaintiff indicated that, other than the one lawsuit disclosed, he had not previously brought any additional lawsuits. Although Plaintiff now claims that he did not intend to deceive the Court, the fact remains that, because Plaintiff failed to fully disclose his filing history he provided the Court with dishonest information under penalty of perjury. As the Magistrate Judge explained, the Court cannot tolerate any false response or statements in pleadings. (Doc. no. 5, p. 7).

Next, the Court turns its attention to the objections concerning Plaintiff's motions to proceed IFP. Nothing in Plaintiff's objections changes the analysis contained in the R&R

that Plaintiff does not satisfy the imminent danger exception of § 1915(g) because he fails to allege facts sufficient to demonstrate that he was in imminent danger at the time he commenced this case. (Doc. no. 5, pp. 3-6). Despite Plaintiff's contention, merely asserting a "Cruel and Unusual Punishment" claim does not satisfy the dictates of the "imminent danger" exception of § 1915(g). As the Magistrate Judge correctly explained, "In order to come within the imminent danger exception of § 1915(g), a prisoner must be in imminent danger at the time he files the suit in district court, not at the time of the alleged incident that serves as the basis for the complaint." (Doc. no. 5, pp. 1-2 (citing Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999))). Plaintiff merely reasserts the allegations presented in the above-captioned complaint. Notably, Plaintiff has not alleged that all medical treatment has been withdrawn, that he has suffered complications related to his conditions, or that his conditions have significantly deteriorated while incarcerated. Simply put, Plaintiff fails to demonstrate that he was in imminent danger of serious physical harm at the time he commenced this suit, and thus, he may not be excused from paying the full filing fee.

In conclusion, the R&R is **ADOPTED** as the opinion of the Court. Therefore, Plaintiff's motions to proceed IFP (doc. nos. 3 & 4) are **DENIED**, the above-captioned complaint is **DISMISSED** without prejudice, and this civil action is **CLOSED**.[2]

SO ORDERED this 16th day of May, 2008, at Augusta, Georgia.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE

---

[2] As the Magistrate Judge explained, "If Plaintiff wishes to proceed with the claims raised in this action, he must submit a new complaint, along with the full filing fee." (Doc. no. 5, p. 8 (citing Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (*per curiam*)).

3